**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- x

THE BOARD OF MANAGERS OF THE SORTING
HOUSE CONDOMINIUM ON BEHALF OF THE UNIT
OWNERS OF THE SORTING HOUSE
CONDOMINIUM,

                    Plaintiff,

        – against –

UNITED STATES POSTAL SERVICE,

                    Defendant.

-------------------------------------------------------------------------- X

Case No: _____

**VERIFIED COMPLAINT**

     The Plaintiff, by its attorneys, Phillips Nizer LLP, complaining of the Defendant, alleges as follows:

**<u>THE PARTIES</u>**

     1. The Sorting House Condominium (the "Condominium") is a condominium formed and existing under Article 9-B of the New York Real Property Law which, under New York's Real Property Law § 339-d, is known as the Condominium Act.

     2. The Condominium has a principal place of business c/o Maxwell-Kates, Inc. Property Management, 9 East 38th Street, 6th Floor, New York, NY 10016.

     3. The Condominium was created by a declaration of condominium dated September 6, 2013 (the "Declaration"), and the Declaration was filed and recorded in the Office of the City Register of the City of New York, County of New York on January 16, 2014.

4000701.3

4. The Declaration was amended by a first amendment dated April 4, 2017 (the "Amendment"), and filed and recorded in the Office of the City Register of the City of New York, County of New York on July 3, 2017.

5. The Board of Managers of The Sorting House Condominium on behalf of the unit owners of the Sorting House Condominium (the "Board" or "Plaintiff"), is authorized to maintain this action pursuant to New York Real Property Law § 339-dd and the By-Laws of the Condominium. The Board acts as agent for the unit owners of the Condominium.

6. The United States Postal Service (the "Postal Service" or "Defendant") is an independent establishment of the executive branch of the United States Government that owns Units 1 and 2 located at 318 West 52nd Street, New York, New York (the "Unit"), designated as Block 1042, Lots 1601 and 1602.

7. The Postal Service is the fee owner of the Unit in the Condominium.

8. All conditions precedent to commencement of this action have been satisfied, waived, or otherwise excused.

## JURISDICTION

9. This Court has subject matter jurisdiction pursuant to 39 U.S.C. § 409(a), which grants the United States district courts original jurisdiction over all actions brought by or against the United States Postal Service. The Postal Service is an independent establishment of the executive branch of the Government of the United States and may sue and be sued in its official name pursuant to 39 U.S.C. § 401(1).

## VENUE

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District for purposes of venue.

4000701.3

11.     Venue is also proper under 28 U.S.C.A. §§ 1391(b)(2) and 1391(e)(1)(B) because this district is where a substantial part of the events or omissions giving rise to the Condominium's claims occurred and a substantial part of the property at issue in this action, to wit, the Unit, is situated in this district.

## FIRST CAUSE OF ACTION

### (**Breach of Contract**)

12.     The Condominium repeats and re-alleges each and every allegation contained in paragraphs 1 through 11 hereof as if more fully set forth herein.

13.     Owners of condominium units in the Condominium are subject to and governed by the Declaration and the By-Laws of the Condominium (the "By-Laws"), which are annexed to the Declaration and recorded therewith as **Exhibit A**.

14.     By virtue of its ownership of the Unit, the Postal Service is bound by the Declaration and By-Laws.

15.     Pursuant to Article VI, Sections 2 and 3 of the By-Laws, the Postal Service is obligated to pay the Condominium common charges, assessments, and additional common charges as and when they become due.

16.     Pursuant to Article VI, Sections 2 and 3 of the By-Laws, the Condominium may assess a late charge for each month that the Postal Service fails to timely pay common charges and may collect such late charge as additional common charges.

17.     Despite due demand, Defendant has failed and refused to pay outstanding common charges and assessments accruing from on or about December 1, 2020 through the present.

4000701.3

18.     The Postal Service has failed to pay the Condominium common charges, assessments, late charges, and additional common charges for the Unit.  The Postal Service has been chronically delinquent for years.

19.     The Postal Service owes the Condominium $80,920.89 in common charges, assessments, late charges, and additional common charges due and owing for the Unit through May 31, 2026, inclusive.  A true copy of the account ledger is annexed hereto as **Exhibit B**.

**SECOND CAUSE OF ACTION**

(**Account Stated**)

20.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19 hereof as if more fully set forth herein.

21.     Between December 1, 2020, and May 31, 2026, Plaintiff regularly rendered invoices, statements of account, account ledgers, and demands for payment to Defendant, setting forth the common charges, assessments, late fees, and additional common charges due and owing for the Unit.

22.     Said invoices, statements of account, account ledgers, and demands for payment were transmitted to Defendant at its designated address for notice and billing and were actually received by Defendant.

23.     The invoices and statements provided detailed itemizations of the amounts due and owing, including the dates the charges accrued, payments received, credits applied, and balances outstanding.

24.     Defendant retained the invoices, statements of account, and demands for payment for a reasonable period of time without objecting to the accuracy of the charges, amounts due, assessments imposed, or balances claimed by Plaintiff.

4000701.3

25.    Defendant made partial payments toward the common charges, assessments, and other amounts reflected in the invoices and statements rendered by Plaintiff, thereby acknowledging the validity of the account relationship between the parties and the correctness of the statements rendered.

26.    Upon information and belief, Defendant never disputed the balances reflected in the invoices, statements of account, and account ledgers annexed hereto as **Exhibit B**.

27.    By reason of the foregoing, an account was stated between Plaintiff and Defendant in the amount of $80,920.89, which remains due and owing.

28.    Despite due demand, Defendant has failed and refused to pay the aforesaid sum.

### THIRD CAUSE OF ACTION

### (**Attorney's Fees**)

29.    The Condominium repeats and re-alleges each and every allegation set forth in paragraphs 1 through 28 hereof as if more fully set forth herein.

30.    As a result of the Postal Service's failure to pay common charges and assessments, the Condominium has incurred, and will continue to incur, attorney's fees and disbursements which will have to be determined at trial.

31.    Pursuant to Article IV, Section 6 of the By-Laws the Postal Service is responsible for paying those attorney's fees and disbursements.

**WHEREFORE**, the Condominium demands judgment against the Postal Service as follows:

1)    On its First and Second Causes of Action, a money judgment in the amount of $80,920.89, together with pre-judgment interest as permitted by applicable law;

4000701.3

2)         On its Third Cause of Action, awarding Plaintiff its reasonable attorney's fees, costs, and disbursements incurred as a result of Defendant's failure to pay common charges, assessments, and additional common charges, as provided for under the By-Laws; and

3)         Granting the Condominium such other and further relief as the Court deems just and proper together with interest thereon, including pre-judgment interest as allowed by law; with the costs and disbursements of this action.

Dated: New York, New York
May 28, 2026

**PHILLIPS NIZER LLP**

By: /s/Benjamin A. Rosenwein
　　Benjamin A. Rosenwein, Esq.
　　Allen H. Brill, Esq.
　　Attorneys for Plaintiff
　　485 Lexington Avenue
　　New York, New York 10017
　　abrill@phillipsnizer.com
　　brosenwein@phillipsnizer.com
　　(212) 977-9700

4000701.3

## VERIFICATION

STATE OF NEW YORK    )
                          )SS.:
COUNTY OF NEW YORK )

I, Lewis Taffer, am the Board President of The Sorting House Condominium and am authorized to sign this verification on its behalf. I certify under penalty of perjury that I have read the foregoing Verified Complaint, and the information contained therein is true and correct to the best of my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true. The sources of my information and the grounds for my belief as to all matters alleged herein are my personal knowledge based upon my position with The Sorting House Condominium.

7

4000701.2

Lewis Taffer

Sworn to before me this _28th_

day of May 2026

ANDREA ZIEGELMAN
Notary Public, State of New York
No. 01Z 009177
Qualified in Tioga County 26
Commission Expires 11/01/20__

4000701.2